UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 04-40011-FDS |
| | ) | |
| LENNY JIMENEZ-BELTRE | ) | |
| | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Michael J.
Sullivan, United States Attorney, and Paul G. Casey, Assistant
United States Attorney, respectfully submits this Sentencing
Memorandum regarding Defendant Lenny Jimenez-Beltre, who is
scheduled to be sentenced on February 15, 2005.  For the reasons
provided below, the government recommends a sentence within the
Guidelines Sentencing Range ("GSR") of 46-57 months.

1.   BACKGROUND

On October 20, 2004, the defendant pleaded guilty to a one
count indictment charging the defendant with unlawful re-entry of
a deported alien, in violation of 8 U.S.C. § 1326(a).  The
defendant Lenny Jimenez-Beltre is a native and citizen of the
Dominican Republic, born on September 17, 1974. The defendant was
first encountered by INS officials at Bayamon, Puerto Rico as a
result of the defendant's arrest by local police on a weapons law
violation, a charge that was later dismissed.  INS officials
brought deportation proceedings against the defendant.  On

1

February 4, 1998, an immigration judge granted voluntary departure to June 4, 1998, with an alternate order of removal to the Dominican Republic. The defendant was subsequently released on bond, but later failed to appear at the INS office as scheduled and the bond was breached.

On March 31, 2000, INS was notified that the defendant was being held in custody in Cambridge, MA on felony drug charges. The defendant initially used the name Hector Cintron-Rivera, but was later identified as Jimenez-Beltre through fingerprint analysis. On February 4, 2002, the defendant pleaded guilty to distribution/possess with intent to manufacture or distribute cocaine, in violation of M.G.L. c. 94C §32A(a) (Middlesex County case number 2000-819-001) and committing a controlled substance offense while in, on or withing 1000 feet of school property in violation of M.G.L. c. 94C §32A(C) (Middlesex County case number 2000-819-002). A copy of the prior conviction is attached as Attachment A. The defendant was sentenced to 2½ years of imprisonment, 109 days to be served and deemed served with the balance suspended. On March 19, 2002, the defendant was deported to the Dominican Republic.

On October 1, 2003, Immigration and Customs Enforcement ("ICE," formerly known as INS), was notified by the Fitchburg Police Department that a person using the name Tony Perez was in custody on drug charges. Fingerprint analysis identified the

2

person as the defendant Jimenez-Beltre.  On October 16, 2003, ICE
Special Agent David Golden interviewed Jimenez-Beltre.  After
waiving his Miranda rights, the defendant identified himself as
the same Jimenez-Beltre who was previously deported.

FBI obtained the fingerprints taken from the defendant
during his arrest and confirmed that the defendant was the same
Lenny Jimenez-Beltre who had previously been deported.  A further
review of the defendant's ICE and INS records confirmed that the
defendant unlawfully reentered without having received the
express consent to apply for readmission to the United States
from either the Attorney General prior to March 1, 2003 or the
consent of the Secretary of the Department of Homeland Security
since March 1, 2003.

2.    SENTENCING CALCULATION

a.    Statutory Maximum Sentence

Count One carries a maximum penalty of twenty years of
imprisonment.

> b.    The Court Should Considerable Weight to the
> Sentencing Guidelines Calculations and Impose a
> Sentence Within the Guideline Range as Determined by
> the Court.

In United States v. Booker, 2005 WL 50108 (U.S. Jan. 12,
2005), the Supreme Court held that the United States Sentencing
Guidelines, as written, violate the Sixth Amendment principles
articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).
The Court determined that a mandatory system in which a sentence

3

is increased based on factual findings by a judge violates the
right to trial by jury. As a remedy, the Court severed and
excised the statutory provision making the Guidelines mandatory,
18 U.S.C. § 3553(b)(1), thus declaring the Guidelines
"effectively advisory." Booker, 2005 WL 50108, at *16.  This
ruling results in a system in which the sentencing court, while
informed by the Guidelines, may impose any sentence within the
statutory maximum penalty for the offense of conviction.  The
sentence will be subject to review by the Court of Appeals for
"reasonableness." Id. at *24.

In the wake of Booker, this Court first must make a correct
calculation under the existing Sentencing Guidelines, and then
consider the final guideline calculation when determining the
sentence to be imposed.  Justice Breyer's majority opinion
directed that "[t]he district courts, while not bound to apply
the Guidelines, must consult those Guidelines and take them into
account when sentencing." Id. at *27.

The sentence in this case should fall within the advisory
guideline range as determined by the Court.  This view is shared
by Congress and the Supreme Court.  As every Supreme Court
justice in the various opinions in Booker recognized, the
Guidelines carry out the express national policy, as articulated
by Congress, that sentences be uniform across the country to the
extent possible and be based on the offender's actual conduct and

4

history.  See, e.g., id. at *21 (majority opinion of Breyer, J.)
("Congress' basic goal in passing the Sentencing Act was to move
the sentencing system in the direction of increased
uniformity."); id. at *19 (same) ("Congress' basic statutory goal
-- a system that diminishes sentencing disparity -- depends for
its success upon judicial efforts to determine, and to base
punishment upon, the real conduct that underlies the crime of
conviction."); id. at *42 (dissenting opinion of Stevens, J.)
("The elimination of sentencing disparity, which Congress
determined was chiefly the result of a discretionary sentencing
regime, was unquestionably Congress' principal aim."); id. at *47
(dissenting opinion of Scalia, J.) ("the primary objective of the
Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and
appropriate treatment of like crimes, represent the distillation
of 15 years of careful study of sentencing practices across the
country, and correlate as well to the varying severity of crimes
as defined by Congress. The Guidelines, consisting of offense
characteristics and various grounds for departure, address all of
the considerations relevant to sentencing, as articulated in 18
U.S.C. § 3553(a), such as "the nature and circumstances of the
offense and the history and characteristics of the defendant;"
"the need for the sentence imposed -- (A) to reflect the
seriousness of the offense, to promote respect for the law, and

5

to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances. The government commends to the Court's attention the scholarly opinion in United States v. Wilson, 2005 WL 78552 (D. Utah Jan. 13, 2005), which shared this conclusion. In his assessment in Wilson, on the day after Booker was decided, Judge Cassell explained at length the reasons supporting this view. As he stated, the Guidelines represent the product of an expert commission, which has studied the sentencing process at great length, under the specific mandate of Congress to fashion recommended sentences which carry out the purposes defined by Congress. The resulting Guidelines, Wilson held, plainly reflect the public's will, as expressed by their democratically elected representatives, in that Congress has repeatedly approved of the Guidelines or acted to adjust them to Congressional preference. Wilson further observed that guided

6

sentencing appears to have had a positive impact in deterring criminal conduct throughout the country, and thus serves the purpose of deterrence as well as punishment and fairness. For all of these reasons, Judge Cassell determined that "the court will give heavy weight to the Guidelines in determining an appropriate sentence. In the exercise of its discretion, the court will only depart from those Guidelines in unusual cases for clearly identified and persuasive reasons." Id. at *1.

Accordingly, a sentence within the guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. The government anticipates that only sentences outside the guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

In this case, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing. Therefore, the government respectfully recommends that the Court sentence the defendant within the Guidelines range calculated in the PSR.

c. Sentencing Guidelines Calculation

The government agrees with the Guidelines calculations contained in the final pre-sentence report ("PSR"), which result in a Guidelines Sentencing Range of 46-57 months of imprisonment.

7

i.    Base Offense Level

Pursuant to USSG § 2L1.2(a), the defendant has a base offense level of 8.

ii.    Specific Offense Level

Since defendant was previously deported after sustaining a conviction that is a drug trafficking offense for which the sentence exceeded thirteen months, the offense level should be increased 16 levels pursuant to USSG § 2L1.2(b)(1)(A)(i). Defendant has objected to this enhancement, arguing that since the prior conviction has not been alleged and proven beyond a reasonable doubt, the maximum penalty should not be increased. However, the defendant's argument fails in the face of a long line of federal cases, including Blakely, which supports using criminal history to increase the maximum penalty.

In United States v. Almedarez-Torres, 523 U.S. 224, 228-234 (1998), the United States Supreme Court held that the statutory subsection authorizing a sentence up to 20 years for alien who illegally returned after a conviction for an aggravated felony was a mere penalty provision and did not define a separate immigration related offense, and that an indictment did not have to allege an alien's prior aggravated felony as to a prerequisite to imposition for illegal reentry.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court carved out an exception based on prior convictions

8

in holding, "other than the fact of a prior conviction, any fact
that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury and proved beyond a
reasonable doubt." In discussing its analysis, the Court made
clear that it was not overruling Almendarez-Torres. Id. at 487-
490.

The First Circuit followed the Supreme Court's analysis in
Apprendi and Almendarez-Torres in affirming the sentence imposed
in an illegal reentry case. See United States v. Gomez-Estrada,
273 F.3d 400 (1st Cir 2001).

Blakely extended Apprendi's holding to the Washington State
Sentencing Guidelines, and left intact the prior conviction
exception previously observed in Almendarez-Torres. See Blakley,
at 2536.

The First Circuit has continued to recognize the Supreme
Court's prior conviction exception. See United States v.
Cardoza-Estrada, 385 F.3d 56 (1st Cir. 2004).

The Supreme Court in Booker did not disturb Apprendi's prior
conviction exception in holding, "Accordingly, we reaffirm our
holding in Apprendi: Any fact (other than a prior conviction)
which is necessary to support a sentence exceeding the maximum
authorized by facts established by a plea of guilty or a jury
verdict must be admitted by defendant or proved to a jury beyond
a reasonable doubt." Booker, at *14. The defendant's argument is

9

simply without merit.

The government also understands that the defendant does not dispute that he is the same person who pleaded guilty on February 4, 2002 to distribution/possess with intent to manufacture or distribute cocaine, in violation of M.G.L. c. 94C §32A(a) (Middlesex County case number 2000-819-001) and committing a controlled substance offense while in, on or withing 1000 feet of school property in violation of M.G.L. c. 94C §32A(C) (Middlesex County case number 2000-819-002). The defendant might contend, however, that he recalls the charges being dismissed as part of a plea agreement. The defendant may be mistakenly referring to the cases noted in PSR ¶¶ 36-37 which were "nolle prosed" and not counted in the defendant's criminal history. As Exhibit A clearly reflects, however, the defendant pleaded guilty to among other charges, possession with intent to manufacture or distribute cocaine and possession with intent to manufacture or distribute cocaine within 100 feet of a school. These convictions qualify as drug trafficking offenses under USSG §2L1.2(b)(1)(A) and therefore should be counted.

### iii. Acceptance of Responsibility

The government agrees that the defendant notified the government in a timely fashion of its intention to accept responsibility and therefore is entitled to a three-level reduction pursuant to §§3E1.1(a) and (b).

10

### 3.   GOVERNMENT'S RECOMMENDATION

As set forth in the PSR, with an adjusted offense level of 21 and a criminal history category of III, the defendant falls within the sentencing range of 46-57 months. The government respectfully recommends that the Court impose a period of incarceration within this Guidelines range. Such a sentence would recognize the seriousness of defendant's offense conduct, the defendant's criminal recidivism.

The defendant was previously sentenced to a two and one half year sentence and a two year sentence on counts one and two of the conviction listed in PSR ¶ 27 and was previously deported. The defendant committed the instant offense within two years of his release and deportation. It is well settled in this Circuit that the mere fact that a person who commits a crime is subject to deportation is not a sufficient basis for a downward departure. United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001)("In short, a deportable alien who commits a crime is still within the 'heartland' of the guidelines, absent something more"). Similarly, the mere fact that a person who commits a crime has stipulated to deportation is also not a mitigating circumstance present to a degree not contemplated by the Sentencing Commission (and thus sufficient for a downward departure). United States v. Clase-Espinal, 115 F.3d 1054, 1060 (1st Cir. 1997). As noted above, the Guidelines are the product

of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. This common argument has been previously raised and rejected by the First Circuit. There simply are no unusual facts or circumstances that would justify a sentence below the GSR of 46-57 months.

For all of the above reasons, the government respectfully recommends that the Court impose a period of incarceration within the Guidelines range established by the PSR.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

PAUL G. CASEY
Assistant United States Attorney

Date:    February 8, 2005.

12

SS., WORCESTER

## **CERTIFICATE OF SERVICE**

  I, Paul G. Casey, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by facsimile on counsel of record on this, the 8th day of February, 2005.

PAUL G. CASEY
Assistant U.S. Attorney

Distri' ion `Cocaine
C. 94C, §32A (c) *a*

*PG*
*2 1/2 H O C*

# Commonwealth of Massachusetts

*1097 BS*
*d leave*
*time*
*130 55*
*1 8/*

Middlesex, To Wit:

At the SUPERIOR COURT, begun and holden at the CITY OF CAMBRIDGE,

within and for the County of Middlesex, on the First Monday of June in the year of our Lord two thousand .

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present,

That **Hector Cintron Rivera, A.K.A. Victor Rivas**

on the **Nineteenth** day of **October** in the year of our Lord nineteen hundred and ninety-nine at Lowell, in the County of

Middlesex aforesaid, **did knowingly or intentionally manufacture, distribute, dispense or possess with intent to**

**manufacture, distribute, or dispense a controlled substance as defined in clause (4) of paragraph (a) of Class B of Section**

**Thirty-one of Massachusetts General Laws Chapter 94C, to wit: cocaine or any mixture containing cocaine in violation of**

**section 32A (c) of Massachusetts General Laws Chapter 94C.**

Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

A true bill.

Foreman of the Grand Jury.

Assistant District Attorney.

**Superior Court**                                    **June, Sitting, 20 ___**

*12TH* **day - Returned by the Grand Jury and filed in Court.**

Assistant Clerk

ORIGINAL

ATTACHMENT "A"

*2000 - 819-001*

2004Aug 14
Lynch reporter

Defendant is arraigned and pleads not guilty. Craton)

Defendant is ordered to recognize
in the sum of $ _____ with surety
or $ 15,000 cash.
Attorneys issued not recognizing

**MISDEMEANOR**
Failure to appear may result in a
fine of $1,000 and/or one
year in the House of Correction.
**FELONY**
...ure to appear may result in a
fine of $50,000 and/or 5 years in
a State Prison or 2 ½ years in the
House of Correction.

The Defendant has been notified in
Open Court that the Commission of
a crime, while on bail may result in
Revocation of Bail

Defendant notified of his right to all examination pursuant
to Chapter 111E, Section 10 of the General Laws as Amended.

Cont to 9.14 PTC

PLEA RETRACTED AND PLEA GUILTY
OFFERED AND ACCEPTED BY THE COURT
COMMONWEALTH MOVES FOR SENTENCE.

**Sentence-House of Correction**

recog. in $100.00, and on _____
probation, one year
Deft. as Pr. and
_____ as Su.

Sentence suspended for one year

Asst Clerk

---

MIDDLESEX, ss.

**Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this 6
day of _____ November 2003

_____ Clerk

School on Violation
C. 94C, §32J

# Commonwealth of Massachusetts

Middlesex, To Wit:

At the **SUPERIOR COURT**, begun and holden at the **CITY OF CAMBRIDGE**, within and for the County of Middlesex, on the First Monday of June in the year of our Lord two thousand.

**THE JURORS** for the **COMMONWEALTH OF MASSACHUSETTS** on their oath present,

That **Hector Cintron Rivera, A.K.A. Victor Rivas**

on the **Nineteenth** day of **October** in the year of our Lord nineteen hundred and ninety-nine at **Lowell**, in the County of Middlesex aforesaid, **did violate the provisions of section(s) 32A(C) of Chapter 94C of the Massachusetts General Laws while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational or secondary school whether or not in session.**

Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

A true bill.

_____
**Foreman of the Grand Jury.**

_____
**Assistant District Attorney.**

**Superior Court**                                   **June, Sitting, 20 _00_**

_12TH_ day - **Returned by the Grand Jury and filed in Court.**

_____
**Assistant Clerk**

ORIGINAL

2000-819-002

2004CR0914

Defendant is arraigned and pleads not guilty (Gidari)

2002-February

PLEA RETRACTED AND PLEA GUILTY OFFERED AND ACCEPTED BY THE COURT

COMMONWEALTH MOVES FOR SENTENCE.

**Sentence–House of Correction**

2 years

This sentence to take effect from end and after the expiration of the sentence imposed this day in # 2000/819-001

By the Court

DLESEX, ss.

**Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this 6 day of

............ Clerk

MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

## MICR2000-00819
## Commonwealth v Rivera, Hector Cintron

| | | | |
|---|---|---|---|
| **File Date** | 06/28/2000 | **Status** | Disposed (sentenced) (dsenimp) |
| **Status Date** | 02/04/2002 | **Session** | 6 - Crim 6 (Lowell) |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Trial Deadline** 08/14/2001 | | **Deadline Status** | Deadline active since return date | | |
| | | **Custody Status** | | **Status Date** | 08/14/2000 |
| **Weapon** | | **Substance** | | **Start Date** | |
| **Arraignment** 08/14/2000 | | **PTC Deadline** 11/12/2000 | | **Prior Record** | Unknown |
| | | | | **Pro Se Defendant** | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 10/19/1999 | 094C:032A:c | Guilty plea (lesser offense) | 02/04/2002 |
| | Class B substnc, phencyclidine/cocaine, distrib/manufac | | | |
| 2 | 10/19/1999 | 094C:032J | Guilty plea | 02/04/2002 |
| | Controlled substnc, school property | | | |
| 3 | 10/19/1999 | 090:024:2a.1 | Filed (guilty plea) | 02/04/2002 |
| | Operate MV recklessly/negligently, endangerment | | | |
| 4 | 10/19/1999 | 090:025 | Filed (guilty plea) | 02/04/2002 |
| | Refuse to give name, liscense, reg, fail to stop MV for police officer | | | |
| 5 | 10/19/1999 | 268:034A | Filed (guilty plea) | 02/04/2002 |
| | Furnishing false name or SS# to Law enforcement officer/official | | | |

### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 06/28/2000

**Private Counsel 638368**
Peter F Russell
Mass Atty General's Office
200 Portland Street
Boston, MA 02114
Phone: 617-727-2200
Fax: 617-727-5768
Inactive 09/20/2001

**District Atty's Office 637901**
Suzanne M Kontz
Middlesex County District Atty's Office
Sexual Assault Division
21 McGrath Highway
Somerville, MA 02143
Phone: 617-591-7740
Fax: 617-629-0224
Active 09/20/2001 Notify

## MICR2000-00819
## Commonwealth v Rivera, Hector Cintron

| | |
|---|---|
| **Defendant**<br>Hector Cintron Rivera<br>Gender: Male<br>Active 06/28/2000 | **Private Counsel 555491**<br>J Daniel Silverman<br>669 Main Street<br>Wakefield, MA 01880<br>Phone: 781-245-9019<br>Fax: 781-246-0850<br>Active 08/15/2000 Notify |
| **Alias deft name**<br>Victor Rivas<br>Gender: Male<br>Active 06/28/2000 | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/28/2000 | 1.0 | Indictment returned |
| 08/11/2000 | | Habeas corpus issued to Keeper Jail, Cambridge for 08/14/00 |
| 08/14/2000 | 2.0 | Affidavit of indigency filed; approved (Charles Grabau, J.) P.O. Shawn |
| 08/14/2000 | 3.0 | Appointment of Counsel J Daniel Silverman |
| 08/14/2000 | | Appearance of Commonwealth's Atty: Peter F Russell . Filed In Court |
| 08/14/2000 | | Deft arraigned before Court Grabau, J. |
| 08/14/2000 | | RE Offense 1:Plea of not guilty |
| 08/14/2000 | | RE Offense 2:Plea of not guilty |
| 08/14/2000 | | RE Offense 3:Plea of not guilty |
| 08/14/2000 | | RE Offense 4:Plea of not guilty |
| 08/14/2000 | | RE Offense 5:Plea of not guilty |
| 08/14/2000 | | Bail set: $15,000 cash (Grabau, J.) |
| 08/14/2000 | | Deft notified of right to request drug exam |
| 08/14/2000 | | Bail warning read in open Court |
| 08/14/2000 | | Mittimus issued not recognizing |
| 08/14/2000 | | Continued until 09/14/2000 PTC |
| 08/14/2000 | | Reporter present: J. Lynch |
| 08/17/2000 | 4.0 | Mittimus not Recog.--Indictments returned with service |
| 12/24/2001 | 5.0 | Motion by Deft: For Statements Of Cooperating Individuals |
| 12/24/2001 | 6.0 | Motion by Deft: For Production Of Documentary Evidence |
| 12/24/2001 | 7.0 | Motion by Deft: For Leave To File Additional Discovery Requests And Further Motions After Receipt Of Discovery |
| 12/24/2001 | 8.0 | Motion by Deft: For Defendant's Statements |
| 12/24/2001 | 9.0 | Motion by Deft: For Production Of Phisical Evidence |
| 12/24/2001 | 10.0 | Motion by Deft: For Exculpatory Evidence |
| 12/24/2001 | 11.0 | Motion by Deft: For Grand Jury Minutes |
| 12/24/2001 | 12.0 | Motion by Deft: To Inspect Grand Jury Exhibits |
| 12/24/2001 | 13.0 | Motion by Deft: For Production Of Witness Statements |
| 12/24/2001 | 14.0 | Motion by Deft: For Prior And Subsequent Bad Acts |

case01 160036 y y y y y n n

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

11/05/2003
09:52 AM

## MICR2000-00819
## Commonwealth v Rivera, Hector Cintron

| Date | Paper | Text |
|------|-------|------|
| 12/24/2001 | 15.0 | Motion by Deft: For All Police Department Records |
| 12/24/2001 | 16.0 | Motion by Deft: To Be Furnished With Statements Of Promises, Rewards Or Inducements |
| 02/04/2002 | 17.0 | Deft files Waiver of Rights |
| 02/04/2002 | | Plea of not guilty changed to guilty; accepted (Haggerty, J) |
| 02/04/2002 | | RE Offense 1:Guilty plea (lesser offense)  - under 94C:32A(a) |
| 02/04/2002 | | RE Offense 2:Guilty plea |
| 02/04/2002 | | RE Offense 3:Filed (guilty plea) |
| 02/04/2002 | | RE Offense 4:Filed (guilty plea) |
| 02/04/2002 | | RE Offense 5:Filed (guilty plea) |
| 02/04/2002 | | Defendant sentenced- Offense 001: HOC Billerica 2 and one half years/ 109 days to be served and deemed served. Balance suspended for one year. Deft as Pr and K. Daly as su. recog. in $100 and on one year probation. Offense 002: HOC Billerica 2 years. This sentence to take effect from end after the expiration of the sentence imposed this day in 001and deemed served (Haggerty, J) |
| 02/04/2002 | | All Fees: waived |
| 02/04/2002 | | Reporter present: Bea Cunha |
| 02/04/2002 | | Abstract sent to RMV and criminal investigations |

MIDDLESEX, ss.    **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this  6  day of

_____ Clerk

case01 160036 y y y y y n n



# U. S. Department of Homeland Security
**Immigration and Customs Enforcement**
JFK Federal Building, Room 1725
Government Center
Boston, MA 02203
(617) 565 3100

**Date:** 10/31/03
**Agent:** Golden
**A#:**   A76 682 755

Dear Sir or Madam:

Please furnish to the above I.C.E. address **COURT CERTIFIED** copies of complaint, conviction, Indictment, sentence and any Direct Appeal to include docket entries in the case(s) of the below named individual:

**NAME:**        CINTRON, Hector    (aka: Hector Rivera, Nemel Perez, Lenny Jimenez-Beltre)

**DATE OF BIRTH:**    9/12/64   (12/12/64, 9/17/74)

**DOCKET #'S:**    2000819001 and 2000819002

**OTHER INFO: Please include Criminal Complaint**

Please verify and include any direct appeal that has been filed from the verdict of guilty. Please check the appropriate box and sign.

_____Direct Appeal filed from guilty verdict.

_____No direct appeal filed from guilty verdict.

Clerk of Court : _____
Date : _____

Enclosed for your convenience is a self-addressed stamped envelope.
Thank you for  your cooperation in this matter.

Sincerely,


David P. Riccio
Associate Special Agent in Charge, I.C.E.