AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court
### District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Lenny Jimenez-Beltre | Case Number: 4  04 CR 40011 - 001 - FDS |

James Krasnoo
Defendant's Attorney

**THE DEFENDANT:**
[X] pleaded guilty to count(s): 1
[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 USC § 1326 (a) | Illegal reentry of deported alien | 10/01/03 | 1 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

02/15/05
Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable F. Dennis Saylor IV
Name and Title of Judicial Officer
U.S. District Judge

Defendant's Soc. Sec. No.: None
Defendant's Date of Birth: 00/00/74
Defendant's USM No.: 80453-038
Defendant's Residence Address:
   Federal Custody
Defendant's Mailing Address:
   Same as above

I HEREBY ATTEST AND CERTIFY ON 2/18/05
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
Date: 2-17-05
TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 4  04 CR 40011 - 001 - FDS  Judgment - Page 2 of 6
DEFENDANT:
Lenny Jimenez-Beltre

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    46   month(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____ on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on  3-23-05  to  LSCI Allenwood
at  White Deer PA , with a certified copy of this judgment.

Craig Apker, Warden
~~UNITED STATES MARSHAL~~

By _____
~~Deputy U.S. Marshal~~

AO 245B Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 4 04 CR 40011 - 001 - FDS
DEFENDANT:

Judgment - Page 3 of 6

Lenny Jimenez-Beltre

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3   year(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 4 04 CR 40011 - 001 - FDS
DEFENDANT: Lenny Jimenez-Beltre

Judgment - Page 4 of 6

## Continuation of Conditions of [X] Supervised Release [ ] Probation

1. The defendant is prohibited from possessing a firearm or other dangerous weapon.

2. The defendant shall use his true name and will be prohibited from the use of any aliases, false dates of birth, false social security numbers, incorrect places of birth, and any pertinent incorrect identifying information.

3. If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security

AO 245B Judgment in a Criminal Case - D. Massachusetts (10/01)
Sheet 5, Part A - - Criminal Monetary Penalties

CASE NUMBER: 4 04 CR 40011 - 001 - FDS
DEFENDANT: Lenny Jimenez-Beltre

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $100.00 | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| TOTALS | $0.00 | $0.00 | |

☐ See Continuation Page

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B Judgment in a Criminal Case - D. Massachusetts (10/01)
Sheet 5, Part B — Criminal Monetary Penalties

CASE NUMBER: 4 04 CR 40011 - 001 - FDS
DEFENDANT: Lenny Jimenez-Beltre

Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ] Lump sum payment of _____ due immediately, balance due

  [ ] not later than _____, or
  [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B [X] Payment to begin immediately (may be combined with C, D, or E below); or

C [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Case Number, Defendant Name, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Continuation Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   Judgment in a Criminal Case - D. Massachusetts
          Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA  
V.  
Lenny Jimenez-Beltre

STATEMENT OF REASONS

Case Number: 4  04 CR 400011 - 001 - FDS

James Krasnoo  
Defendant's Attorney

[X] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | |
|---|---|---|---|
| Total Offense Level: | 21 | | |
| Criminal History Category: | III | | |
| Imprisonment Range: | 46 | to 57 | months |
| Supervised Release Range: | 2 | to 3 | years |
| Fine Range: | $ $7,500.00 | to $ $75,000.00 | |

Defendant's Soc. Sec. No.: None  
Defendant's Date of Birth: 00/00/74  
Defendant's USM No.: 80453-038  
Defendant's Residence Address:  
Federal Custody

02/15/05  
Date of Imposition of Judgment

*[signature]*  
Signature of Judicial Officer

The Honorable F. Dennis Saylor IV  
U.S. District Judge  
Name and Title of Judicial Officer

2·17·05  
Date

Defendant's Mailing Address:  
Same as above

27

AO 245B  Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

DEFENDANT: Lenny Jimenez-Beltre
CASE NUMBER: 4 04 CR 400011 - 001 - FDS

Statement of Reasons - Page __2__ of __4__

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 3

DEFENDANT: Lenny Jimenez-Beltre
CASE NUMBER: 4 04 CR 400011 - 001 - FDS

Statement of Reasons - Page 3 of 4

## STATEMENT OF REASONS

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

### OR

[ ] The sentence departs from the guideline range:

    [ ] upon motion of the government, as a result of a defendant's substantial assistance, or

    [ ] for the following specific reason(s):

[ ] See Continuation Page

AO 245B (Rev. 08/04) Criminal Judgment
Supplemental Statement of Reasons

DEFENDANT: Lenny Jimenez-Beltre
CASE NUMBER: 4: 04 CR 400011 - 001 - FDS
DISTRICT:

## SUPPLEMENTAL STATEMENT OF REASONS

## APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES

☑ The court applied the Guidelines and all relevant enhancements in this case.

☐ The court found the Guidelines unconstitutional in part, and imposed a sentence in accordance with the constitutionally applied portions of the Guidelines.

☐ The court did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence.

☑ The court took some other action (Please explain below.):

Although the Sentencing Guidelines are merely advisory, the Court has given considerable weight to the Guidelines in determining an appropriate sentence in this case. The Court acknowledges that it is not required to follow the Guidelines, and may impose a different sentence after consideration of the factors set forth in 18 U.S.C. 3553(a). After consideration of those factors, and for the reasons stated on the record at the sentencing, the Court has concluded that there are no clearly identified and persuasive reasons to impose a sentence outside the Sentencing Guidelines, and has therefore imposed a Guidelines Sentence.

☐ This judgment includes an alternative sentence.